The **EVANSVILLE COURIER,**
Appellant (Plaintiff),

v.

Robert **WILLNER,** Richard Borries, Carolyn McClintock, in their capacities as Commissioners of Vanderburgh County, and County Commission of Vanderburgh County, Appellees (Defendants).

No. 82S01–9012–CV–782.

Supreme Court of Indiana.

Dec. 13, 1990.

Patrick A. Shoulders, Rebecca T. Kasha, Ziemer, Stayman, Weitzel & Shoulders, Evansville, for appellant.

David V. Miller, R. Jeff Dodson, Bowers, Harrison, Kent & Miller, Evansville, for appellees.

ON CIVIL PETITION TO TRANSFER

DICKSON, Justice.

The Evansville Courier ("Courier") initiated this action alleging a violation of the Indiana Open Door Law, Ind.Code § 5-14-1.5-1 to 5-14-1.5-7, and seeking to invalidate the employment of one Jerry Riney as Superintendent of County Buildings. The trial court's judgment against the Courier was reversed by the Court of Appeals. *Evansville Courier v. Willner* (1990), Ind.App., 553 N.E.2d 1386. The Vanderburgh County Commission and its members, Robert Willner, Richard Borries, and Carolyn McClintock, petition for transfer. Although we agree with the result reached by the Court of Appeals, we grant transfer to provide further guidance in the application of the Open Door Law in this and similar situations.

In the present case, the trial court concluded that certain pre-employment discussions between Borries and Willner did not constitute official action but only the planning of political strategy as within the caucus exception to the definition of public meeting. Ind.Code § 5-14-1.5-2(c). The Court of Appeals was correct in determining that such discussions among a majority of the members of the Commission were demonstrated to have constituted official action of the Commission because of statements made at the press conference held by Borries and Willner announcing Riney's appointment in advance of the full meeting of the Commission at which such appointment was scheduled to be considered.

> The fact the press conference in which Riney's appointment was announced was held prior to the regular Commission meeting of December 27, 1988, is further evidence that Willner and Borries had already deliberated about appointing Riney and had *reached a decision prior* to the formal appointment made during that meeting. Therefore, we hold that part of the trial court's Conclusion of Law 11 in which the court concluded the news conference did not indicate official action had previously been taken was a clearly erroneous conclusion. [Emphasis added.]

553 N.E.2d at 1390.

However, we are concerned that the language in two specific passages from the opinion of the Court of Appeals could be misapplied to improperly restrict the caucus exception under the statute. These passages are as follows.

> By their receiving information and deliberating about hiring Riney, we conclude Borries and Willner, ..., took official action about public business. Their meetings and discussions were, therefore, violations of the Open Door Law.

553 N.E.2d at 1390.

> We ... hold private discussions and meetings concerning public business and involving official action may not be held between members of a public agency under the political caucus exemption from the Indiana Open Door Law.

553 N.E.2d at 1389. We disapprove of the import of these passages.

 Under the Indiana Open Door Law, "caucus" is defined as "a gathering of members of a political party or coalition which is held for purposes of planning political strategy and holding discussions designed to prepare the members for taking official action." Ind.Code § 5–14–1.5–2(h). The nature of such political meetings will often necessarily involve receiving information, deliberating expected issues, and holding discussions concerning anticipated official action and public business. If the persons attending such meetings happen to constitute a majority of a governing body, such a caucus is not thereby transformed into a meeting subject to full public scrutiny under the Open Door Law. It is the taking of official action which changes the character of a majority political party strategy meeting from a private caucus to a public meeting.

To the extent that the opinion of the Court of Appeals may be read to the contrary, it is incorrect. However, in all other respects we adopt and incorporate the decision of the Court of Appeals pursuant to Ind. Appellate Rule 11(B)(3). This cause is remanded to the trial court for further action in light of the foregoing discussion and the opinion of the Court of Appeals.

Reversed and remanded.

DeBRULER, GIVAN and PIVARNIK, JJ., concur.

SHEPARD, C.J., concurs and dissents with separate opinion.

SHEPARD, Chief Justice, concurring and dissenting.

While I agree with much of the majority opinion analyzing the political caucus provisions of the Open Door Law, I cannot join in the Court's disposition of this case.

Judge Dietsch concluded that the discussions and meetings between the two Democratic county commissioners on the subject of whether to hire Jerry Riney were consistent with the Open Door Law. He also found that the commissioners used appropriate means to make a final decision at a regular public meeting.

The majority opinion tracks Judge Dietsch's findings on these points and disagrees with most of the key parts of the Court of Appeals' analysis. Nevertheless, the Court vacates the decision of the trial court. It appears that this reversal derives from the fact that the two commissioners held a press conference to announce their intention to make the appointment. All in all, the sequence of events bears strong resemblance to the process used in the Indiana General Assembly for such offices as Speaker of the House and President Pro-Tem of the Senate. Hardly anyone regards the elections of these officials as voidable on grounds that the members decided in a caucus whom they would support. It would seem that if Representatives and Senators are authorized to caucus to make such decisions under the Open Door Law, the same rule applies under the statute to commissioners.